[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-15067

_____

D.C. Docket No. 1:16-cv-01144-MLB


DEUTZ CORPORATION,

Plaintiff-Counter Defendant-Appellee,

versus

ENGINE DISTRIBUTORS, INC.,

Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 3, 2021)

Before WILSON, ROSENBAUM and HULL, Circuit Judges.

PER CURIAM:

This appeal arises out of a declaratory judgment action brought by Plaintiff

Deutz Corporation. Deutz sought, <u>inter alia</u>, a declaration that it had good cause to

terminate a longstanding business relationship with Defendant Engine Distributors, Inc. ("EDI")—a relationship governed by a series of Distributor Agreements that Deutz claims EDI has materially breached. In response, EDI filed a number of counterclaims against Deutz, some of which the district court dismissed. After more than a year of litigation, Deutz moved for summary judgment on its declaratory judgment claim and on each of EDI's then-remaining counterclaims. The district court granted Deutz's motions as to its declaratory judgment claim and EDI's counterclaims, concluding that Deutz had demonstrated good cause to terminate the Distributor Agreements.[1]

EDI now appeals the district court's order, challenging the district court's ruling on Deutz's declaratory judgment claim, as well its ruling on EDI's counterclaims for (1) breach of contract, (2) violation of the New Jersey Franchise Practices Act, (3) breach of the implied covenant of good faith and fair dealing, and (4) promissory estoppel.

After review, and with the benefit of oral argument, we find no reversible error in the district court's summary judgment ruling.[2] EDI's primary contention

---

[1] In the same order, the district court also granted EDI's cross motion for summary judgment as to Deutz's claim for violations of Georgia's Uniform Deceptive Trade Practices Act. Deutz has not appealed this ruling.

[2] "We review a grant of summary judgment de novo, applying the same standard as the district court." Williamson v. Brevard Cnty., 928 F.3d 1296, 1304 (11th Cir. 2019) (quotation marks omitted).

2

on appeal is that the district court misapplied the summary judgment standard by resolving disputed issues of fact. See Fed. R. Civ. P. 56(a). But to the extent that EDI has not failed to properly preserve its arguments, the alleged disputed facts that EDI points to either were not disputed in the district court or, if disputed, are not actually material to the district court's ruling. See id. ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." (emphasis added)); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510 (1986). ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . .").

Accordingly, we affirm the district court's grant of summary judgment in favor Deutz.

**AFFIRMED.**